UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| Rachelle Collins,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>Western Mercantile Agency, Incorporated,<br><br><br>Defendant(s). | Case No. 6:25-cv-914<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rachelle Collins brings this Class Action Complaint by and through her attorneys, against Defendant Western Mercantile Agency, Incorporated ("WMA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Oregon consumers under § 1692 et seq. of Title 15 of the United States Code also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Oregon in the County of Lane.

8. Defendant WMA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its principal place of business located at 165 S 5th Street, Suite A, Coos Bay, Oregon, 97420.

9. Upon information and belief, Defendant WMA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the state of Oregon;

   b. to whom Defendant WMA sent a collection letter;

   c. attempting to collect a consumer debt;

   d. which debt was past the statute of limitation for filing suit thereon;

   e. without disclosing that the statute of limitations for suing to collect the debt had expired;

   f. without disclosing that if a payment is made it could restart the statute of limitations; and

   g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

   The Sub-Class consists of:

   a. all individuals with addresses in the State of Oregon;

   b. to whom Defendant WMA sent a collection letter;

   c. attempting to collect a consumer debt;

   d. stating that balance may increase;

   e. when in fact in will not increase;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

  The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

  12. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

  13. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 50 Or. Rev. Stat. § 646.639(2)(k).

  14. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

  15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692f, and 50 O.R.S. § 646.639(2)(k).

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

16. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference paragraphs numbered 1 through 17 of this Complaint as though fully stated herein with the same force and effect as the same were set forth at length herein.

19. On a date better known to the original creditor Coos Bay-North Bend Water Board ("CBNB Water Board"), the Plaintiff incurred an alleged debt.

20. The Plaintiff disputes the validity of this debt.

21. The obligation arose out of a transaction allegedly incurred by Plaintiff in which money, property, insurance or services which are the subject of the transaction were incurred solely for personal purposes, specifically for water usage.

22. The alleged CBNB Water Board obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

23. CBNB Water Board is a "creditor" as defined by 15 U.S.C. § 1692a (4).

24. Upon information and belief, CBNB Water Board contracted with Defendant WMA to collect the alleged debt.

25. Defendant WMA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or others using the United States Postal Services, telephone and internet.

*Violation 1 – May 28, 2024 Collection Letter*

26. On or about May 28, 2024 Defendant sent the Plaintiff a collection letter ("First Letter") regarding the alleged debt.  *See* **Exhibit A**.

27. The letter states in relevant part as follows:

    Account No.  ****33
    Pin:              ****
    Balance       $65.09

    *See* Exhibit A.

28. The letter further states in relevant part: "Please remit payment in full within twenty days from the date of this letter or the account(s) may be referred to our legal department to potentially pursue legal action to collect this debt." *Id.*

29. Upon information and belief, the alleged debt is from 2013, well over **ten years** from when Defendant sent the collection notice.

30. The statute of limitations for commencing suit on this debt is six years after default, the time of which has already passed.

31. The letter fails to disclose that the statute of limitations to file a lawsuit to collect the debt had already expired.

32. Moreover, the Defendant threatened the Plaintiff that lack of payment will result in legal action.

33. Under Oregon law, debt collectors cannot threaten to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist. Or. Rev. Stat. § 646.639(2)(k).

34. Thes material omissions and false statements can mislead the consumer into paying a time-barred debt.

35. The letter fails to state that if a payment is made the statute of limitations will restart, thus allowing for a lawsuit to occur.

36. These omissions fail to clearly and adequately inform the consumer of the true legal status of the debt and potential ramifications of making a payment and restarting the statute of limitations.

37. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

*Violation 2 – Cost and Fees in Letter*

38. The Letter further states in relevant part as follows:

As of the date of this letter, you owe $65.09. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

*See* Exhibit A.

39. On or about June 25, 2024, Defendant sent another letter attempting to collect the alleged debt. *See* Second Letter as Exhibit B.

40. The Second Letter stated that the total amount owed by the Plaintiff was $65.09 – the same exact amount stated in the First Letter on or about May 28, 2024.

41. Thus, Defendant's statement in the First Letter, that the debt was subject to interest and other charges, was clearly false and misleading.

42. Stating that there is potential interest and other charges, when there was clearly none, was misleading and confusing for the Plaintiff.

43. The threat of potential interest and other charges had the potential of coercing the Plaintiff into making a payment to avoid further interest and fees.

44. Due to the false and misleading statement, Plaintiff had good reason to doubt the validity and veracity of the alleged debt.

*Violation 3 (as to Plaintiff Rachelle Collins individually) – October 2, 2024 Lawsuit*

45. On October 2, 2024, the Defendant filed a complaint in the Circuit Court of the State of Oregon for the County of Lane. *See* Exhibit C.

46. The amount of the claim is for $65.84 plus cost and fees resulting in a claim for the total amount of $177.84.

47. The underlying debt was from 2013 – over ten years prior to Defendant's lawsuit against Plaintiff for the alleged debt.

48. As stated above, the statute of limitations in the State of Oregon is six years after default, the time of which has already passed.

49. Defendant's filing a lawsuit on a debt that is time-barred is in direct violation of 50 O.R.S. § 646.639(2)(r).

50. Out of fear of what may result from this lawsuit the Plaintiff paid the debt in full despite disputing the validity of the debt.

51. As a result of Defendant's conduct, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

52. Plaintiff incorporates by reference paragraphs numbered 1 through 51 of this Complaint as though fully stated herein with the same force and effect as the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant violated said section by:

   a. omitting the fact that the debt was time barred;

   b. stating that the debt was subject to interest and other charges when there clearly was none;

   c. omitting material information creating a false and misleading representation of the debt in violation of §1692e (10); and

   d. falsely representing the character, amount or legal status of the debt in violation of §1692e (2)(A).

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

57. Plaintiff incorporates by reference paragraphs numbered 1 through 51 of this Complaint as though fully stated herein with the same force and effect as the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

60. Defendants violated this section by:

    a. omitting the material fact that the debt was time-barred;

    b. by falsely stating that the debt was subject to interest and other charges when there clearly was none.

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATION OF 50 O.R.S. § 646.639(2)(k)

62. Plaintiff incorporates by reference paragraphs numbered 1 through 51 of this Complaint as though fully stated herein with the same force and effect as the same were set forth at length herein.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 50 O.R.S. § 646.639(2)(k).

64. A debt collector engages in unlawful collection practice if the debt collector, while collecting or attempting to collect a debt . . . attempts or threatens to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist.

65. Defendant's conduct violated 50 O.R.S. § 646.639(2)(k):

    a. By stating that failure to pay the debt would result in legal action, when in fact the Defendant knew or should have known that the debt was time-barred and thus knew the right to pursue the debt legally did not exist.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 50 O.R.S. § 646.639(2)(k), actual damages, costs, and attorney fees.

## COUNT IV
### (AS TO PLAINTIFF RACHELLE COLLINS INDIVIDUALLY)
### VIOLATION OF 50 O.R.S. § 646.639(2)(r)

67. Plaintiff incorporates by reference paragraphs numbered 1 through 51 of this Complaint as though fully stated herein with the same force and effect as the same were set forth at length herein

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated O.R.S. § 646.639(2)(r).

69. Pursuant to O.R.S. § 646.639(2)(r), a debt collector engages in unlawful collection practice if the debt collector, while attempting to collect a debt, files a legal action to collect or in attempt to collect a debt, if the debt collector knows or after exercising reasonable diligence would know, that an applicable statute of limitations bars the collection or the collection attempt.

70. On October 2, 2024, Defendant filed a complaint in the Circuit Court of the State of Oregon for the County of Lane. *See* Exhibit C.

71. The amount of the claim is for $65.84 plus cost and fees, resulting in a claim for $177.84.

72. The underlying debt was from 2013 – over ten years prior to Defendant's lawsuit against Plaintiff.

73. Defendant knew or should have known that the alleged debt originated from 2013 thus making the alleged debt time-barred due to the expiration of the Statute of Limitations.

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 646.639(2)(r) of the O.R.S., actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rachelle Collins, individually and on behalf of all others similarly situated, demands judgment from Defendant Western Mercantile Agency, Incorporated as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, the undersigned attorney. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 28, 2025                                        Respectfully submitted,

                                                            /s/ Dawn McCraw

Dawn McCraw
CONSUMER JUSTICE
8095 N. 85th Way
Scottsdale, AZ 85258
T: (602)-807-1527
E: dmccraw@consumerjustice.com
Attorney For Plaintiff