IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **RACHELLE COLLINS, individually, and on behalf of all others similarly situated,** | No. 6:25-cv-00914-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WESTERN MERCANTILE AGENCY, INC.,** | |
| Defendant. | |

AIKEN, District Judge

Plaintiff Rachelle Collins moves this Court under Rule 41(a)(2) for voluntary dismissal of this action, with prejudice and without costs or fees to any party. For the reasons set forth below, Plaintiffs' Motion to Dismiss, ECF No. 9, is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff filed her Complaint, ECF No. 1, on May 28, 2025. Defendant filed its Answer, ECF No. 7, on June 23, 2025. On the same day, Defendant sent Plaintiff a Rule 11 letter. Pl. Mot. ¶ 2.

Plaintiff sent a draft dismissal to Defendant on July 8, 2025. Def. Resp. Ex. 2 at 1. Defendant objected to the draft dismissal because it was a dismissal without

Page 1 – OPINION AND ORDER

costs or fees to either party. Def. Resp. at 2. Plaintiff filed her opposed Motion to Dismiss on July 14, 2025.

## LEGAL STANDARD

A plaintiff may dismiss an action voluntarily within certain parameters. Fed R. Civ. P. 41(a). If an answer has been filed, a plaintiff may dismiss the case either by (1) "a stipulation of dismissal signed by all parties who have appeared, *Id.* 41(a)(1)(A)(ii); or (2) " [O]nly by court order, on terms that the court considers proper." *Id.* 41(a)(2). If a counterclaim has been made by a defendant, than plaintiff's voluntary dismissal over the objection of a defendant can only be approved " if the counterclaim can remain pending for independent adjudication." *Id.* If an action is a class-action in which a class has been certified, more rules apply. *Id.* 23(e).

## DISCUSSION

Both parties wish to dismiss this action. Pl. Mot at 1; Def. Resp. at 1 ("Defendant Western Mercantile Agency, Inc. [ ] has no objection to dismissal of this action with prejudice.") The proposed class has not been certified. The issue before the Court is whether the dismissal should be without costs or fees, or whether Defendant should be able to recover costs and fees as part of the dismissal.

### I.      Costs

Prevailing parties are generally entitled to costs other than attorney's fees of the action. Fed. R. Civ. P. 54(d)(1). "[T]he rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir.

Page 2 – OPINION AND ORDER

2014) (citing *Ass'n of Mexican–American Educ. v. State of Cal.,* 231 F.3d 572, 591 (9th

Cir. 2000) (en banc)). If a district court denies costs, it must specify its reasons for

doing so. *Id.*

> "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

*Id.* (internal citation omitted).

Here, the Court sees no reason to disturb the presumption. The case did

not proceed much beyond a complaint and an answer. Defendant is entitled to

reasonable costs under 28 U.S.C. §§ 1920 and 1923.

## II.    Attorney Fees

### a.  FDCPA Fees

Under the Fair Debt Collection Practices Act ("FDCPA"), a defendant may be

awarded attorney fees if a court finds that the action "was brought in bad faith and

for the purpose of harassment." 15 U.S.C. 1692k(1)(3).

Defendant makes no argument in their Response as to fees under this statute.

Def. Resp. Plaintiff nevertheless defends against such an argument. Pl. Reply at 1-2.

The Court agrees with Plaintiff. There is no evidence on the record that the

claim was either brought in bad faith or for the purpose of harassment. To award

attorney fees, the Court would have to make a positive finding on both, which is

unwarranted here.

Defendant is not entitled to fees under the FDCPA.

Page 3 – OPINION AND ORDER

### b. Rule 11 Fees

Rule 11(b) of the Federal Rules of Civil Procedure sets certain standards for attorneys when filing with federal courts. Fed. R. Civ. P. 11(b). Courts may impose sanctions on attorneys who violate Rule 11(b). *Id.* 11(c)(1). A party may also move for sanctions under Rule 11(c)(2). A motion for sanctions is subject to a safe harbor provision, which requires that the would-be movant serve the motion, but not file it with the court unless the document at issue is not "withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Here, after Defendant served Plaintiff with the Rule 11 motion, Plaintiff moved to withdraw the Complaint within the safe harbor. Defendant refused to stipulate to a dismissal without costs or attorney fees but has presented no argument as to the merits of awarding attorney fees despite the safe harbor withdrawal. Additionally, Defendant has not moved for sanctions under Rule 11, which is a prerequisite to any award. Because Plaintiff timely moved to dismiss the action, no Rule 11 award would be available even if Defendant had so moved. Therefore, Defendant is not entitled to fees under Rule 11.

In sum, the Court dismisses this action with prejudice and with costs to Defendant, but each side shall bear their own attorney fees.

Page 4 – OPINION AND ORDER

**CONCLUSION**

For the reasons explained above, Plaintiffs' Motion to Dismiss, ECF No. 9, is

GRANTED in part and DENIED in part consistent with the above opinion. The action

is DISMISSED with prejudice. Defendant may present a bill of costs.

It is so ORDERED and DATED this ___27th___ day of March 2026

/s/Ann Aiken
ANN AIKEN
United States District Judge

Page 5 – OPINION AND ORDER